UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | C/A No. 5:16-cv-02649-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | (partial summary dismissal) |
| | ) | |
| Mr. Bittinger; | ) | |
| Eric S. Hooper; | ) | |
| Charles West, | ) | |
| Walter Martin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Bobby Jenkins ("Plaintiff") alleges he was subjected to a false disciplinary violation charge for Inciting/Creating a Disturbance as the result of an encounter with Defendant Hooper on March 1, 2016 ("the March 1 incident"). Compl. 9, ECF No. 1. He asserts that Defendant West filed that charge and several other charges (striking and threatening an employee),[1] and that

---

[1] SCDC on-line records disclose that Plaintiff was convicted of striking an employee and that loss of six days of good-time credits was part of the sanctions for that conviction. He was also convicted of threatening to inflict harm on an employee and lost six days of good-time credits as part of the sanctions for that conviction. The date of violation for both of these convictions and

Defendant Bittinger improperly "stacked" seven charges against him and conducted an unconstitutional disciplinary hearing that resulted in the loss of good-time credits along with the imposition of other sanctions. *Id*. at 15. Plaintiff asserts Defendant Hooper did not follow South Carolina Department of Corrections ("SCDC") policy when he handcuffed Plaintiff in the Alpha area of Evans Correctional Institution, and that he used excessive force by spraying chemical munitions in Plaintiff's face and using "palm heal [sic] strikes." *Id*. at 10. Plaintiff asks for declaratory and injunctive relief including removal of the disciplinary convictions from his prison record and placement into general population. He also requests compensatory and punitive damages. *Id*. at 16-17.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v.*

---

for the inciting conviction that is the primary subject of this case is March 1, 2016. *See* http://public.doc.state.sc.us/scdc-public/ (last consulted Oct. 14, 2016).

*Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Initially, the Complaint is subject to partial summary dismissal as to Defendant Martin because a close review of the pleading fails to disclose any allegations of any kind against this Defendant. There is no mention of Defendant Martin anywhere in the body of the Complaint and the only references to him are in the caption and on one of the pages provided for a listing of Defendants. ECF No. 1 at 3. Under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), this court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing by Defendant Martin, Plaintiff's Complaint fails to state a claim on which relief can be granted as to this Defendant. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, *2 n.2 (5th Cir. 1993); *Banks v.*

3

*Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). In absence of substantive allegations of wrongdoing against the named Defendant, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against him. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim).

Additionally, all of Plaintiff's allegations against Defendants Bittinger and West relate to their participation in the filing and prosecution of disciplinary violation charges that resulted in convictions and loss of good-time credits along with other sanctions. As a result, Plaintiff's claims against these two Defendants, as well as his allegations of false charges against Defendant Hooper, are not properly raised in this § 1983 action.[2] It is settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). *Cf. Muhammad v. Close,* 540 U.S. 749, 755 (2004) (§ 1983 may be used to challenge disciplinary procedures where no accrued/earned good-time credits are taken as a sanction). The holdings of *Heck* and *Preiser*, insofar as applicable to challenges to prison

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

disciplinary procedures under which forfeited good-time credits may be restored were confirmed by the United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). Referencing both *Heck* and *Preiser*, along with *Edwards v. Balisok,* 520 U.S. 641 (1997) and *Wolf v. McDonnell*, 418 U.S. 539 (1974), the *Wilkinson* Court stated,

> These cases . . . taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>
> . . . .
>
> Thus, in *Preiser* we held the prisoners' § 1983 action barred because the relief it sought – restoration of good-time credits, which would shorten the prisoners' incarceration and hasten the date on which they would be transferred to supervised release – was available in habeas.

544 U.S. at 82, 86 (citations omitted); *see, e.g., Cabbagestalk v. Hardin*, No. 5:13-cv-2974-RMG, 2014 WL 2881930 (D.S.C. June 25, 2014) (§ 1983 challenge to prison disciplinary process barred by *Heck*); *Battle v. Eagleton*, 8:07-cv-1841-GRA-BHH, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008) ("A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated."). Similarly, Plaintiff has no actionable constitutional claim against either Defendant West or Hooper based on his allegations of their filing "false" disciplinary charges. *See, e.g., Freeman v. Rideout,* 808 F.2d 949, 962-63 (2d Cir. 1986) ("The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights."); *McClary v. Fowlkes,* No. 1:07CV1080 (LO/TCB), 2008 WL 3992637, *4 (E.D. Va. 2008) (finding inmate has no constitutional right against being falsely accused of conduct that may result in deprivation of protected liberty interest). Accordingly, Plaintiff's Complaint should be partially summarily

5

dismissed as to both Defendants West and Bittinger because Plaintiff's allegations against them should be raised in a habeas petition and not in a § 1983 complaint. Also, the Complaint should be partially summarily dismissed to the extent that it asserts a "false charge" claim against Defendant Hooper.

Furthermore, Plaintiff's Complaint fails to state a plausible constitutional claim and should be partially summarily dismissed to the extent that it asserts Defendant Hooper did not follow SCDC policy in connection with the placing of restraints on Plaintiff in the Alpha area and Defendants Bittinger and West did not follow SCDC policy in connection with the filing and determination of disciplinary charges arising from the March 1, 2016 incident.[3] An allegation that an SCDC defendant did not follow the institution's policies or procedures, standing alone, does not amount to a constitutional violation. *See United States v. Caceres*, 440 U.S. 741 (1978) (IRS agent failed to follow IRS rule re: electronic surveillance; no exclusionary rule in criminal action); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law

---

[3] Plaintiff *may* be able to assert the alleged failure to follow policy regarding the disciplinary charges in connection with his efforts to exhaust his administrative and state court remedies in connection with a potential habeas corpus action. South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the ALC. *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.*, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124, 126 (S.C.2003); *Al-Shabazz*, 527 S.E.2d at 750. Generally, a state prisoner's claim regarding credits that could impact his sentence calculation will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly raised through the prison grievance process with appeal to the ALC, rather than through a post-conviction relief application filed in circuit court. *See Al-Shabazz*, 527 S.E.2d at 752. Accordingly, Petitioner's exhaustion of his state remedies begins with the SCDC administrative-grievance procedure and review by the ALC as outlined in *Al-Shabazz*, followed by appeal to the state appellate courts. *Al-Shabazz*, 527 S.E.2d at 752-57 (discussing the application of the Administrative Procedures Act and the review process); Rule 203(b) (6), SCACR; *see also* S.C. Code Ann. § 1-23-610(A)(1).

is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983; no obligation to be found guilty of crime before going to administrative segregation).

Plaintiff states a plausible claim against Defendant Hooper for excessive force arising from the March 1 incident and the Complaint should be served on him for a response to that claim only.

IV.     Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* as to Defendants Martin, Bittinger, and West. It is further recommended that the Complaint be partially dismissed as to the policy-violation claim against Defendant Hooper. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint is being served on Defendant Hooper with directions that he respond only to the allegations regarding the force used against Plaintiff during the March 1 incident.

IT IS SO RECOMMENDED.

October 17, 2016                                                                 Kaymani D. West
Florence, South Carolina                                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).