IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | Civil Action No. 5:16-2649-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mr. Bittinger, Eric S. Hooper, | ) | |
| Charles West, Walter Marin, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary dismissal of all claims against Defendants Martin, Bittinger, and West, and summary dismissal of policy-violation claims against Defendant Hooper. For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses those claims.

I. **Background**

Plaintiff Bobby Jenkins, proceeding *pro se*, alleges he was falsely charged with and disciplined for an incident occurring on March 1, 2016. He alleges that Defendant West improperly filed several disciplinary charges against him, that Defendant Bittinger improperly "stacked" the charges and conducted an unconstitutional disciplinary hearing resulting in a loss of good-time credits and other sanctions, that Defendant Hooper did not follow South Carolina Department of Corrections policy when handcuffing Plaintiff in the "Alpha" area of Evans Correctional Institution, and that Defendant Hooper used excessive force by spraying chemical munitions in Plaintiff's face and by striking him. Plaintiff seeks declaratory and injunctive relief including removal of the disciplinary convictions from his prison record and placement into the general prison population. He also requests compensatory and punitive damages.

## II. <u>Legal Standard</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25,

-2-

31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989).

The PLRA, at 28 U.S.C. § 1915(g) contains a "three strike" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed [*in forma pauperis*] but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). After receiving three strikes, a plaintiff must pay the full filing fee for almost any non-habeas civil action he might wish to file. *Id.* at 610.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable

-3-

claim. "Principles requiring generous construction of *pro se* complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### III. <u>Discussion</u>

The Court agrees with the Magistrate Judge's recommendation that claims against Defendant Martin be summarily dismissed because Plaintiff fails to make any factual allegations regarding him. *See, e.g., Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). The Court also agrees with the recommendation that claims against Defendants Bittinger and West be summarily dismissed because those claims relate to disciplinary proceedings resulting in a loss of good-time credits. Judgment for Plaintiff on those claims would implicitly question the validity of a particular ground for denying Plaintiff's release short of serving his maximum term of confinement. His claim therefore cannot be raised in a § 1983 action, but must be raised in habeas action, which is subject to the strict requirement that other avenues of relief be exhausted:

> Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. . . . [W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. . . . [I]n the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good time served . . . conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies. Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted.

*Muhammad v. Close*, 540 U.S. 749, 750–51 (2004).

Plaintiff alleges Defendant Hooper did not follow corrections policy when restraining Plaintiff in the "Alpha" area of the prison on March 1, 2016. The Magistrate Judge recommends—and the Court agrees—that claim should be summarily dismissed because alleged policy violations are not constitutional violations actionable under § 1983. *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies that fail to reach the level of a constitutional violation are not actionable under § 1983). Plaintiff's claim that Defendant Hooper used excessive force against him in the March 1, 2016 incident is a plausibly pleaded Eighth Amendment claim. The Magistrate Judge does not recommend summary dismissal of that claim.

Plaintiff objects that the claim against Defendant Hooper regarding Plaintiff's restraint in the "Alpha" area should not be dismissed as a policy-violation claim because that claim is an Eighth Amendment deliberate indifference claim. According to Plaintiff, Defendant Hooper attempted to placed him in restraints in the "Alpha" area while the other "Alpha" inmates were "out"—presumably meaning out of their cells and able to assault a helpless, restrained inmate. Plaintiff alleges that he refused to cooperate with being restrained under those circumstances because he feared for his life, and that Defendant Hooper responded to his noncooperation with excessive force. Although "[t]he Eighth Amendment imposes a duty on prison officials 'to protect prisoners from violence at the hands of other prisoners' . . . [t]o make a valid claim under the Eighth Amendment, a prisoner must . . . allege a serious or significant physical or emotional injury resulting from the challenged conditions." *Brown v. N.C. Dep't Corr.*, 612 F.3d 720, 722–23 (4th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). There is no allegation Plaintiff was injured by other prisoners—according to Plaintiff, he refused to be placed in a position of vulnerability to violence from other prisoners and was consequently subjected to excessive force by Defendant Hooper. He therefore has pleaded an excessive force, but not a deliberate

indifference claim, against Defendant Hooper. Plaintiff's objections make no mention of any other claims the Magistrate Judge recommended dismissing.

## IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 14) as the Order of the Court; **DISMISSES** all claims against Defendants Bittinger, West, and Martin; **DISMISSES** violation of policy claims againt Defendant Hooper; and **RECOMMITS** this matter to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

                                                         *signature*
                                                         Richard Mark Gergel
                                                         United States District Court Judge

October 3 1, 2016
Charleston, South Carolina