IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Bobby C. Jenkins, | ) | Civil Action No. 5:16-cv-2649-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Eric S. Hooper, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 67) recommending the Court grant Defendant Eric S. Hooper's motion for summary judgment (Dkt. No. 48). For the reasons set forth below, the Court adopts the R & R as the order of the Court, and the Court grants the Defendant's motion for summary judgment.

I.  **Background**

The Court adopts the relevant facts as outlined in the R & R. (Dkt. No. 67 at 2 – 5.)[1] In brief, Plaintiff argues that on March 1, 2016, while waiting to be taken to a meal, Officer McCall and Defendant Hooper, an officer and counselor respectively at Evans Correctional Institution ("ECI") where Plaintiff was incarcerated at the time,[2] ordered a shakedown of his cell. Plaintiff was ordered to place his hands on the wall to be frisked and Defendants decided to handcuff Plaintiff. Plaintiff then took his hands off the wall and refused to be handcuffed, arguing he feared for his safety if he was handcuffed and he could be attacked for being a Muslim, as had allegedly happened to other inmates. Plaintiff tried to leave the cell and Defendant Hooper grabbed Plaintiff

---

[1] Plaintiff's objections to the R & R's factual findings are discussed in the relevant legal sections. Previously, all claims again three other Defendants in this action were dismissed, as was a policy violation claim against the one remaining defendant, Defendant Hooper. (Dkt. No. 20.)

[2] Plaintiff is now incarcerated at Ridgeland Correctional Institution ("RCI").

1

to handcuff him and, as Plaintiff was attempting to leave his cell, Defendant sprayed mace in Plaintiff's face. Defendant Hooper and Plaintiff then allegedly got into a fight, where Defendant Hooper sprayed Plaintiff and hit Plaintiff. During the fight, Defendant Hooper slipped on the mace, pulled Plaintiff down as he was falling, and Defendant Hooper sustained serious injuries. Plaintiff also alleges that a Captain who ultimately took him to lock-up refused to let Plaintiff wash his eyes.

Defendant Hooper filed a motion for summary judgment. (Dkt. No. 48.) Plaintiff opposed the motion. (Dkt. No. 65.) On February 7, 2019, the Magistrate Judge issued an R & R which recommended granting Defendant's motion. (Dkt. No. 67.) Plaintiff has not filed objections.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections.

### B. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. Discussion

To begin with, as the Magistrate Judge correctly noted, Plaintiff has not exhausted his claim against Defendant Hooper, and therefore Defendant Hooper is entitled to summary judgment. The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative

3

remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997e(a). It is the defendant's burden to establish that a plaintiff failed to exhaust his administrative remedies. *See Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendant Hooper presented uncontroverted evidence that, pursuant to South Carolina Department of Corrections policy, an inmate has only exhausted his administrative remedies when he filed a Form 10-5 Step 1 grievance, and then a Form 10-5a Step 2 grievance. Before filing a Step 1 grievance, an inmate must first attempt an informal resolution of the issue by submitting a Request to Staff Member Form ("RTSM") within eight working days of the incident. Once a Step 1 grievance is filed, the Warden must respond in writing and, if the inmate is not satisfied, the inmate may appeal the decision in a Step 2 grievance. (Dkt. No. 48-6 at ¶¶ 5 – 11, South Carolina Dept. of Corrections, Inmate Grievance System, GA-01.12, May 12, 2014, *available at* http://www.doc.sc.gov/policy/GA-01-12.htm1553119234319.pdf (last accessed, March 21, 2019).)

Here, the uncontroverted record shows that Plaintiff failed to exhaust his administrative remedies. As the Magistrate Judge ably found, out of the eighteen grievances Plaintiff filed between March 1, 2016 and July 1, 2016, Plaintiff filed no grievance regarding Defendant Hooper using excessive force. Further, even if one grievance, number ECI-229-16, could be construed to allege excessive force, Plaintiff never filed a Step 2 grievance appealing the warden's decision and instead marked and signed that he "accept[s]" the Warden's decision and "consider[s] the matter closed." (Dkt. No. 48-6 at 44 – 46.) Therefore, Plaintiff failed to exhaust his administrative remedies and Defendant's motion for summary judgment is granted.

Further, the Magistrate Judge was correct in holding that Plaintiff's claim fails for reasons independent of his failure to exhaust. First, reviewing the four factors in *Iko v. Shreve*, 535 F.3d

225 (4th Cir. 2008) for excessive use of force, it is clear that Plaintiff cannot make out a claim for excessive use of force as Plaintiff admits he disobeyed a direct order to be handcuffed, admits he tried to leave his cell while Defendant was attempting to handcuff him, Defendant reasonably perceived a threat regarding Plaintiff's attempt to leave his cell, and Defendant only used force after giving Plaintiff opportunity to comply and attempting to first use mace.

Second, Plaintiff's claims against Defendant in his official capacity are barred since Plaintiff, in his official capacity, is not a "person" within the meaning of 42 U.S.C. § 1983. Finally, as the Magistrate Judge correctly held, Defendant Hooper is entitled to qualified immunity. Under the doctrine of qualified immunity, officials may be shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights. As the Court found that there is no dispute of material fact that Defendant Hooper did not use excessive force, Defendant did not violate any clearly established statutory or constitutional rights.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 67) as the Order of the Court, and Defendant Eric S. Hooper's motion for summary judgment (Dkt. No. 48) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 27, 2019
Charleston, South Carolina

5